**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | |
|---|---|
| C.R., AN INDIVIDUAL,<br><br>Plaintiff,<br><br>vs.<br><br>G6 HOSPITALITY PROPERTY LLC,<br><br>Defendant. | Case No. ____________<br><br>**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff C.R. by and through the undersigned counsel and respectfully submits her complaint for damages and makes the following averments.

## INTRODUCTION

1. This action for damages is brought by C.R. ("Plaintiff"), a survivor of sex trafficking, under the Federal William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), 18 U.S.C. § 1595.

2. G6 HOSPITALITY PROPERTY LLC ("Defendant") was the hotel owner and hotel operator of the subject hotel premises, each operating as Motel 6, located at 30155 Industrial Parkway SW, Hayward, California 94544, at 1920 W. Orangeburg Avenue, Modesto, California 95350, and at 1240 Camden Avenue, Campbell, California 95008 (collectively, the "Subject Hotels"), during the relevant time period that Defendant owned and operated said properties, from approximately 2012 through 2017, and as such was responsible for the Subject Hotels during the time period Plaintiff was sex trafficked on said premises.

3. Plaintiff was trafficked at the Subject Hotels intermittently from approximately 2012 through 2017, during which time Defendant owned and operated the property.

4. During the relevant time period, Defendant was the owner and operator of the Subject Hotels' premises.

5. Plaintiff meets the definition of a sex trafficking victim under the TVPRA. She was trafficked at the Subject Hotels as an adult intermittently from approximately 2012 through 2017, during which time she was induced through force, fraud, and coercion, including physical assault, the surreptitious administration of sedatives, and the withholding of her infant child by her traffickers to compel her compliance, to engage in commercial sex with sex buyers on Defendant's Subject Hotels' premises.

6. As a hotel owner and hotel operator of the Subject Hotels, Defendant controlled the training, policies, and decisions on implementation and execution of anti-trafficking policies, protocol, rules and guidelines for said properties where Plaintiff was sex trafficked.

7. The passage of the Trafficking Victims Protection Act ("TVPA") in 2000 and the passage of the TVPRA in 2008, as well as numerous other legislative initiatives, put Defendant on notice of the high likelihood of sex trafficking occurring on hotel premises, which at a minimum warranted Defendant to be vigilant and proactive in preventing such conduct.

8. Years before Plaintiff was trafficked, Defendant knew or should have known of the critical role that the hotel industry plays in enabling sex trafficking and of the widespread national epidemic of hotel and motel sex trafficking. By 2012, training guides and videos were available through the American Hotel Lodging Association (AHLA), ECPAT-USA, and via other resources.

9. Section 1591 of the TVPRA criminalizes sex trafficking of adults by force, fraud or coercion. 18 U.S.C. § 1591. Separately, § 1595 of the TVPRA provides individuals who are victims of sex trafficking with a civil remedy against the traffickers or the beneficiaries of the sex trafficking crime. 18 U.S.C. § 1595(a). More specifically, § 1595 provides for three distinct causes of action: (1) a claim against the trafficker who directly violated § 1591(a)(1); (2) a beneficiary claim against a trafficker who directly violated § 1591(a)(2); and (3) a beneficiary claim against a civil defendant who did not violate § 1591, but who "knowingly benefit[ed], financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter." 18 U.S.C. § 1595(a). This action asserts the third cause of action, i.e., a beneficiary claim against a civil defendant.

**PARTIES**

10. Due to the sensitive, private, and potentially retaliatory nature of the allegations herein, Plaintiff's full name is not contained in this Complaint to protect the safety, privacy, and identity of this sex trafficking victim. Nationwide similarly situated Plaintiffs have proceeded by pseudonym or by their initials due to the foregoing.

11. Plaintiff is currently a resident of California.

12. At all times relevant and material, Defendant owned and operated hotels doing business as Motel 6 at 30155 Industrial Parkway SW, Hayward, California 94544, at 1920 W. Orangeburg Avenue, Modesto, California 95350, and at 1240 Camden Avenue, Campbell, California 95008, and was authorized to do, licensed to do, and was doing business in the State of California offering the Subject Hotels as places of public lodging.

13. The principal place of business of Defendant is 4001 International Parkway, Carrollton, Texas 75007.

## JURISDICTION AND VENUE

14. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution, laws, or treaties of the United States, namely 18 U.S.C. § 1595.

15. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendant's principal place of business is located at 4001 International Parkway, Carrollton, Texas 75007, within the Eastern District of Texas. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

16. As the hotel owner and hotel operator during the relevant time period for the Subject Hotels, Defendant G6 HOSPITALITY PROPERTY LLC, headquartered at 4001 International Parkway, Carrollton, Texas 75007 within the Eastern District of Texas, controlled the training, policies, and decisions on implementation and execution of anti-trafficking policies, protocol, rules and guidelines for the Subject Hotels where Plaintiff was sex trafficked.

## CAUSE OF ACTION

## VIOLATION OF 18 U.S.C. § 1595 ("TVPRA")

17. Plaintiff sets forth an action for violation of 18 U.S.C. § 1595 as against Defendant.

18. At all relevant times, Defendant, as owner and operator of the Subject Hotels, was involved in the staffing and operation of said properties where Plaintiff was trafficked for sex as an adult during the relevant aforesaid time periods.

19. Plaintiff was trafficked by multiple traffickers acting in concert, including a male individual named Brandon, a male individual known to Plaintiff as "Johnathan," a male individual known to Plaintiff as "Frankie," and a fourth male individual whose name Plaintiff does not presently recall, who together operated a commercial sex trafficking and controlled substance enterprise at the Subject Hotels' premises.

20. Rooms rented for the trafficking of Plaintiff were rented by the traffickers themselves, including in the names of Brandon Giles, "Johnathan," and "Frankie," and, at times, in the names of Plaintiff and another victim, J.H., acting at the direction of the traffickers, at the Subject Hotels during the relevant time period.

21. Plaintiff's traffickers, at times, withheld Plaintiff's infant child from her in order to coerce and compel her compliance, and surreptitiously administered sedatives to Plaintiff, including by slipping sedative substances into her drinks, during the period of her trafficking.

22. Discovery will inform whether the traffickers, or individuals at the traffickers' direction, booked rooms at the Subject Hotels using the registrant's proper legal name or a false name, whether cash or prepaid card was used at the time of booking, and whether Defendant's staff required identification at booking.

23. Defendant knowingly benefited from the sex trafficking of Plaintiff at Defendant's hotels by receiving payment for the rooms rented by her traffickers (or at the direction of her

traffickers) that were used for sex trafficking in violation of the TVPRA during the aforesaid relevant time periods.

24. Defendant rented rooms at the Subject Hotels to individuals Defendant knew or should have known were engaged in sex trafficking, including Plaintiff, in violation of the TVPRA.

25. Plaintiff's traffickers used proceeds derived from the sex trafficking occurring on the Subject Hotels' premises to continue to pay for the rooms rented at said hotels during the time that Plaintiff was being sex trafficked there in violation of the TVPRA.

26. Plaintiff was advertised by her traffickers online for commercial sex through one or more commercial sex advertising platforms, including Backpage, Redbook, and CityXGuide.

27. During the relevant time period alleged herein, Defendant took part in a common undertaking or enterprise involving risk and potential profit with Plaintiff's traffickers that violated the TVPRA as to Plaintiff herein.

28. Operating hotels and renting out rooms is an enterprise involving risk and potential profit.

29. Defendant's operation of the Subject Hotels and renting out of rooms to Plaintiff's traffickers (or at the direction of the traffickers) was an enterprise involving risk and potential profit which violated the TVPRA as to Plaintiff herein.

30. Defendant G6 HOSPITALITY PROPERTY LLC's association with Plaintiff's sex traffickers constituted a venture because Plaintiff's traffickers had prior commercial dealings with Defendant at the Subject Hotels' premises by means of rooms repeatedly rented by the traffickers (or at the direction of the traffickers) during the time period of Plaintiff's trafficking, which Defendant knew, or should have known, were being used for

sex trafficking of Plaintiff in violation of the TVPRA, and which the parties wished to continue for profit.

31. Defendant's repeated rental of rooms to Plaintiff's traffickers (or individuals renting at the direction of the traffickers) at the Subject Hotels was not a standard arm's-length transaction, but rather the repeated room rental transactions which occurred during the time that Plaintiff was trafficked at the Subject Hotels were colored by overt indicators of sex trafficking such that Defendant knew, or should have known, that Defendant was renting rooms to individuals engaged in sex trafficking, and of Plaintiff in particular, in violation of the TVPRA.

32. A continuous business relationship existed between Defendant's hotels, its agents, employees and staff, and Plaintiff's traffickers' sex trafficking business in that Defendant provided assistance, support, or facilitation to Plaintiff's traffickers at the Subject Hotels by repeatedly renting rooms to individuals Defendant knew or should have known were involved in sex trafficking on the premises in violation of the TVPRA, including as to Plaintiff herein, and in doing so facilitated the venture's success.

33. Defendant knowingly benefited from this venture or enterprise involving risk and potential profit, which was in violation of the TVPRA as to Plaintiff herein, by receiving payment for the rooms rented by Plaintiff's traffickers (or at the direction of her traffickers) at the Subject Hotels that were used for sex trafficking, including as to Plaintiff, during the aforesaid relevant time periods.

34. Defendant participated in a venture by operating the Subject Hotels and renting rooms to individuals that Defendant knew or should have known were involved in sex trafficking, including as to Plaintiff herein, in violation of the TVPRA.

35. Defendant participated in a venture that Defendant knew or should have known was trafficking Plaintiff at Defendant's hotels in violation of the TVPRA.

36. Defendant knew or should have known that the undertaking or venture violated the TVPRA as to Plaintiff.

37. Defendant knew or should have known about the nature of the sex trafficking occurring at Defendant's Subject Hotels, including as to Plaintiff, a victim, due to the many red flags then and there existing, including but not limited to:

a. Steady foot traffic of sex buyers to the traffickers' rented rooms to engage in sex acts with Plaintiff at the Subject Hotels;

b. Plaintiff was visible to Defendant's staff at the Subject Hotels on hotel grounds and during direct interactions, at times appearing visibly impaired by sedatives administered to her without her consent, and wearing sexually explicit and revealing clothing;

c. Plaintiff, at times, met and greeted sex buyers in the lobby of the Subject Hotels and personally escorted them through the lobby and up to the rented rooms, while wearing revealing clothing, in open view of Defendant's front desk staff, on repeated occasions;

d. Other victims trafficked alongside Plaintiff, including J.H., solicited commercial sex on and around the premises of the Subject Hotels, in areas visible to Defendant's staff;

e. Inside the hotel rooms rented by the traffickers (or at their direction) at the Subject Hotels there were suspicious items, including condoms in the trash and controlled

substances around the rooms, which were observed by housekeeping staff or should have been so observed;

f. The rooms utilized at the Subject Hotels exhibited signs of commercial sex work;

g. Plaintiff's traffickers physically assaulted Plaintiff on the Subject Hotels' premises, resulting in visible injuries including frequent visible bruising and black eyes;

h. On one occasion, when Plaintiff attempted to escape from her traffickers at the Subject Hotel located in Hayward, California, her traffickers dragged Plaintiff by the hair through said Subject Hotel premises in open view of Defendant's staff and other hotel guests;

i. Plaintiff's traffickers actively sold and distributed controlled substances including methamphetamine, cocaine, and pills on the Subject Hotels' premises, in a manner that was known or observable to Defendant's staff;

j. Plaintiff and her traffickers engaged in frequent and audible verbal and physical altercations at the Subject Hotels, which were heard and witnessed by Defendant's staff;

k. Plaintiff, at times, was under the influence of sedatives surreptitiously administered by her traffickers during the time period of her trafficking;

l. Other victims were trafficked alongside Plaintiff at the Subject Hotels, including J.H., resulting in a volume of commercial sex activity on the premises that was known or observable to Defendant's staff;

m. Rooms used for Plaintiff's trafficking were booked by the traffickers themselves and, at the traffickers' direction, in the names of Plaintiff and other victims;

n. Plaintiff was advertised by her traffickers for commercial sex acts online through one or more commercial sex advertising platforms, including Backpage, Redbook, and CityXGuide;

o. The same individuals, including Plaintiff, her traffickers, and other victims, repeatedly returned to and utilized rooms at the Subject Hotels throughout the relevant time period spanning approximately five years; and

p. Other commonly known sex trafficking red flags which Defendant knew or should have known of had anti-trafficking measures been timely and properly implemented at the hotels.

38. Defendant's staff at the Subject Hotels witnessed and observed on a regular and frequent basis signs and indicators of sex trafficking including the items set forth in paragraph 37 above.

39. When being trafficked at the Subject Hotels intermittently from approximately 2012 through 2017, Plaintiff interacted with Defendant's staff on a frequent basis, and Defendant's staff witnessed and observed Plaintiff, her traffickers, as well as a frequent procession of sex buyers going in and out of the rented rooms, contemporaneous with other signs and indicators of trafficking occurring on the Subject Hotels' premises.

40. Plaintiff knows that some of the individuals that witnessed and observed red flags indicative of sex trafficking were staff members in that the staff were readily identifiable to Plaintiff either by her knowing of the individual and/or by means of the staff wardrobe, nametag, hotel logo, and/or by means of a staff member being in an employee-restricted area.

41. Defendant's involvement and failure, by its agents, servants, staff, and employees, to timely and properly prevent the sex trafficking or timely intervene regarding same was a proximate and competent cause and substantial factor in causing Plaintiff's severe injuries in this case including, but not limited to, being the victim of sex trafficking when at the Subject Hotels and suffering personal injury and the trauma physically and mentally of being induced to engage in commercial sex with multiple sex buyers per day, while being trafficked, and while simultaneously being under fear of severe harm if she did not comply, including as a result of being physically assaulted by her traffickers and having her infant child withheld from her by her traffickers.

42. Defendant, during the relevant time period, could deny accommodation and/or eject a guest for a number of reasons including, but not limited to: (1) guest visibly under the influence of drugs or alcohol; (2) guest creating a nuisance to the public; (3) guest believed to use a hotel room for unlawful purposes; (4) guest using hotel amenities and premises for unlawful acts; (5) guest bringing in extra unregistered guests; (6) guest's behavior reasonably disturbing other guests; (7) guest violating other rules set by the hotel; and (8) other indicated reasons.

43. Plaintiff being sex trafficked at Defendant's Subject Hotels was a proximate cause, competent cause, and substantial factor in causing her severe and permanent injuries including but not limited to personal injuries, the horror of being a victim of sex trafficking, and significant levels of psychological trauma due to the levels of abuse she endured during the time she was trafficked. This trauma led to depression, anxiety disorders, and post-traumatic stress disorder ("PTSD"), which in turn affects daily functioning.

44. As a direct and proximate result of Defendant's involvement and multiple failures to act, mandate, and establish and execute anti-trafficking measures and modify their anti-trafficking efforts at the Subject Hotels, Plaintiff was sex trafficked, sexually exploited, and victimized repeatedly at Defendant's Subject Hotels in violation of the TVPRA.

45. As a consequence of being sex trafficked at the Subject Hotels, Plaintiff suffered and will continue to suffer substantial economic, physical, mental, emotional, psychiatric, and psychological injuries as the result of being trafficked and sexually exploited at the Subject Hotels in violation of 18 U.S.C. § 1591.

## TOLLING OF LIMITATIONS

46. Plaintiff was under the control, coercion, and manipulation of her traffickers through at least 2017, and as a result, Plaintiff lacked the information and capacity to understand her injuries and their legal causes.

47. Thus, Plaintiff did not discover and could not reasonably have discovered the legal cause of her injury—through no fault of her own—and lacked the information and understanding to bring a claim because she did not know both her injury and the cause of her injury. This lack of information was a direct result of Plaintiff being kept under the control, coercion, and manipulation of her traffickers, which Defendant facilitated.

48. At the time Plaintiff was harmed, she did not know that she was the victim of human trafficking as that term is defined by law, that her injury arose from being "trafficked" at Defendant's hotels or that she was a person "trafficked," much less that she was the "victim" of a legal venture involving Defendant, and she did not discover and was not in a position to discover the legal cause of her injury for years after her trafficking ended.

49. To the extent Defendant asserts an affirmative defense of limitations, Plaintiff invokes the doctrine of equitable tolling because, as a result of being a victim of trafficking, Plaintiff faced extraordinary circumstances, which arose through no fault of her own, that prevented her from filing a lawsuit, and those circumstances did not end more than 10 years before Plaintiff filed this lawsuit.

50. While under the control of her traffickers through at least 2017, Plaintiff did not have the freedom to investigate her claims, to identify those responsible, or to seek legal representation necessary to pursue her legal rights. Plaintiff could not have pursued her claims while under the active control of her traffickers despite the exercise of ordinary diligence.

51. To the extent Defendant asserts an affirmative defense of limitations, Plaintiff invokes the continuing violation doctrine because this lawsuit arises out of a pattern of continuous and ongoing tortious conduct by Defendant.

52. Plaintiff was subject to continuous trafficking at the Subject Hotels through at least 2017, which is not more than 10 years before Plaintiff brings this lawsuit.

53. This continuous trafficking resulted from Defendant's facilitation of trafficking at the Subject Hotels as described above.

54. The TVPRA's ten-year limitations period, 18 U.S.C. § 1595(c), is subject to equitable tolling. *See*, Arellano v. McDonough, 598 U.S. 1, 6–7 (2023), in which the court emphasized the "hornbook law" presumption that federal statutes of limitations are subject to tolling unless Congress clearly states otherwise. *See also*, Doe v. G6 Hospitality Franchising LLC et al, No. 3:2025-cv-00770 - Document 53 (N.D. Tex. 2025).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as identified in the above-referenced Count and as follows:

a. All available compensatory damages for the described losses with respect to the above cause of action;

b. Past and future emotional distress;

c. Consequential and/or special damages;

d. All available noneconomic damages, including without limitation pain, suffering, and loss of enjoyment of life;

e. Physical pain and suffering;

f. Disgorgement of profits obtained through unjust enrichment;

g. Restitution;

h. All damages allowable under the TVPRA;

i. Reasonable and recoverable attorney's fees;

j. Punitive damages with respect to each cause of action;

k. Costs of this action; and

l. Pre-judgment and all other interest recoverable.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: June 10, 2026

**RESPECTFULLY SUBMITTED,**

/s/ Jason Byrd
Jason Byrd
**THE BYRD LAW FIRM**
448 Orleans
Beaumont, TX 77701
Telephone: (409) 924-0660
Facsimile: (409) 924-0035
jason@txbyrd.com

Randolph Janis, Esq.
**DOUGLAS AND LONDON, P.C.**
One State Street, 35th Floor
New York, NY 10004
Telephone: (212) 566-7500
Facsimile: (212) 566-7501
rjanis@douglasandlondon.com

Chloe Makowsky, Esq.
**DOUGLAS AND LONDON, P.C.**
One State Street, 35th Floor
New York, NY 10004
Telephone: (212) 566-7500
Facsimile: (212) 566-7501
cmakowsky@douglasandlondon.com

*Attorneys for Plaintiff*